UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ERICK A. RIVERS**, | ) | Case No.  4:07 CV 0609 |
| | ) | |
| Petitioner, | ) | Judge Ann Aldrich |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **DAVID BOBBY**,[1] | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Erick Rivers was convicted and sentenced in the Trumbull County, Ohio Common Pleas Court to 15 years on July 23, 2003, as stipulated in his joint plea agreement for conviction on one count of aggravated robbery with firearm specification, four counts of kidnapping with firearm specification and one count of having a weapon while under disability. These counts were in relation to the February 4, 2002 robbery of the Seven and Seventeen Credit Union in Hubbard, Ohio.  Rivers seeks habeas corpus relief under 28 U.S.C. §2254 *pro se* from his sentence complaining in his traverse that he did not agree to consecutive sentencing. (See ECF #4). This is despite the joint agreement (given to Rivers and two of his partners in crime) to a 15 year sentence to avoid the potential maximum sentences totaling 57 years. (See Sentencing Tr. 4-7, 13-14 of 37, ECF # 11). Rivers makes excuses of coerced confession (in petition)[2], ineffective assistance of trial defense counsel, threats from the prosecutor, and a sentencing court which misstated the law. Respondent

---

[1]  Rivers listed the State of Ohio as respondent and David Bobby, Warden of the Trumbull Correctional Institution where Rivers is currently incarcerated has moved to substitute himself as the proper respondent. The sole proper respondent is the person with the ability to produce the petitioner's body before the habeas court. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Accordingly David Bobby is substituted as the proper respondent pursuant to Fed. R. Civ. P. 25.

[2]  Rivers' confession was a subject of этого motion to suppress, and due to his plea, this motion became moot. (See Plea Tr. p 23-24, ECF # 11).

2

counters that this petition is untimely and that Rivers' claims are procedurally defaulted.. Respondent also addresses an involuntary guilty plea argument. Rivers, though, does not argue to withdraw his plea. His grievance is that it he understood that he would receive a 10-year sentence, so he should serve 5 years less time than his cohorts. (Traverse at 5).

*Rivers' petition is untimely:*

Respondent argues for dismissal contending that Rivers' petition dated February 21, 2007[3] is untimely filed under 28 U.S.C. §2244(d).[4] The burden for this argument falls upon respondent.

---

[3] February 21, 2007 serves as the filing date under the prison "mailbox rule" from *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). A *pro se* petition is treated as having been filed on the date certified it was placed in the prison mailing system, which approximates the date the petition was surrendered to prison authorities for mailing. See *Miller v. Collins*, 305 F.3d 491, 497-498 & n. 8 (6th Cir. 2002). Decisions from the Sixth Circuit have accepted a signature date on the habeas petition as evidence when it was delivered to prison authorities. E.g., *Wampler v. Mills*, 60 Fed. Appx. 594, 596 (6th Cir. Apr. 2, 2003); *Goins v. Saunders*, 2006 WL 3334947 *1 n. 1 (6th Cir. Nov. 15, 2006).

[4] 28 U.S.C. §2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> 
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > 
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > 
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > 
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

See *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Respondent maintains that Rivers' July 2003 conviction became "final" for purposes of §2244(d)(1)(A) following expiration of the 30-day appeal period on August 29, 2003. See *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) (statute begins to run with expiration of Ohio R. App. P 4(A)'s time to appeal); *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2000) (court applies Fed. R. Civ. P. 6(a) in computing time). The "1-year period of limitation"under §2244(d)(1)(A) then ran until December 1, 2003 when a motion for delayed appeal was filed under Ohio R. App. P. 5(A).

This computation presumes that delayed appeals are post-conviction matters for purposes of §2244(d)(2) and merely toll the running of the "1-year period of limitation" rather than commence it. This presumption is correct (at least for now).[5] The governing case in the Sixth Circuit, *Searcy v. Carter*, rejected the argument that delayed appeals constitute "direct review" under §2244(d)(1)(A):

> This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

*Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001)(quoting *Raynor v. Dufrain*, 28 F.Supp.2d 896, 898 (S.D.N.Y.1998)); *Lopez v. Wilson,* 426 F.3d 339, 348 (6th Cir.2005). Consequently, motions

---

[5] This may change depending on which direction the U.S. Supreme Court takes in *Jimenez v. Quarterman* on whether delayed appeals are a form of "direct review" See 128 S.Ct. 1646, 170 L.E.2d 352 (2008), granting *certiorari*.

4

for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. §2244(d)(2) but are not part of the direct appeal process for purposes of 28 U.S.C. §2244(d)(1). See *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).

The Sixth Circuit's view is not universally shared, however. Two distinct positions have developed on the method of determining which state legal procedures constitute "direct review" for purposes of §2244(d)(1)(A). One makes this determination as a matter of federal common law, as expressed in *Jimenez v. Quarterman:*

> Furthermore, the "AEDPA, not state law, determines when a judgment is final for federal habeas purposes." *Foreman v. Dretke*, 383 F.3d 336, 339 (5th Cir.2004) (citing *Roberts v. Cockrell*, 319 F.3d at 694).
>
> *Id.*, 2006 WL 5486932, 4 (N.D.Tex.).

*Certiorari* has been granted in *Jimenez v. Quarterman*, 128 S.Ct. 1646, 170 L.Ed.2d 352 (2008), on the question whether granting an "out-of-time appeal" by the Texas Court of Criminal Appeals started the limitations period running anew. See *Id.*, and *Jimenez v. Quarterman*, 2007 WL 5022509, 1 (5th Cir. 2007). The Fifth Circuit defines "direct review" from an exclusively federal standpoint.

At the opposite pole, the second position looks to the state court nomenclature where the conviction under review occurred. As expressed in *Orange v. Calbone* other state forms of review as delayed appeal may be included under the cognomen of "direct review" :

> In determining whether a particular state procedure constitutes part of the "direct review" process for purposes of § 2244(d)(1)(A), a federal court must defer to underlying state court characterization of the procedure. See *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir.2002) (deferring to Georgia state court determination of

5

> whether particular filing was part of direct appeal process under Georgia law); *White v. Schotten*, 201 F.3d 743, 752-53 (6th Cir.2000) (reaching same conclusion in case filed by Ohio state prisoner). This principle is consistent with "AEDPA's goal of promoting 'comity ... and federalism.' " *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 364, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

*Orange v. Calbone,* 318 F.3d 1167, 1170 (10th Cir. 2003).

Applying the principal of comity, the Tenth Circuit held that if the state court allows an untimely appeal and if this appeal is deemed part of the direct appeal process, then the limitation period of §2244(d)(1)(A) is not merely tolled, but is reset. *Orange*, 318 F.3d at 1171; and see *Frasch v. Peguese* , 414 F.3d 518, 522-23 (4th Cir. 2005)(citing *Orange*).

Which of these two positions governs is not a hypothetical issue, but has direct relevance to time computations in habeas cases where the petitioner had used the state procedure known as an Ohio App. R. 5(A) "delayed appeal." At the time respondent's answer and brief were filed Ohio's Supreme Court certified two question for review:

> 1. Whether a delayed appeal under Ohio Rule of Appellate Procedure 5(A) is identical to a direct appeal under Ohio Rule of Appellate Procedure 4(A) for purposes of appellate review as to whether a defendant was sentenced upon the basis of an unconstitutional statute under the guidelines of State v. Foster.
>
> 2. Whether a defendant's sentence must be reversed on the basis of State v. Foster when: a) the defendant was sentenced prior to the announcement of State v. Foster; b) the defendant was sentenced under the statutes found to be unconstitutional in State v. Foster; c) the defendant does not pursue a direct appeal but rather files a delayed appeal; d) and raises the issues of unconstitutional sentencing on the basis of Foster for the first time on delayed appeal.

*State v. Silsby*, 115 Ohio St.3d 1406,873 N.E.2d 1312, 2007-Ohio-4884 (Table 2007).

The Ohio Supreme Court has now resolved these questions and its affirmative answer to the first question is relevant to time computation: "[a] delayed appeal granted pursuant to App. R. 5 is

6

treated the same as a direct appeal under App. R. 4(A), and the case proceeds as if it has been timely filed." *State v. Silsby*, 119 Ohio St. 3d 370, 373, 894 N.E.2d 667, 670, 2008-Ohio-3834 (2008). Were this court in the Tenth or Fourth Circuits then under *Orange*'s rationale the delayed appeal would not merely toll the limitation period but reset it in light of the Ohio Supreme Court's resolution of this issue in *State v. Silsby*.

The Sixth Circuit's positions have not clearly gravitated toward either pole. *Searcy* refers to Ohio case law. [6] Its conclusion copied from *Raynor,* however, follows the logic of the federal common law approach. *White v. Schotten,* also followed reasoning consistent with a federal common law approach, stating, "If the application for delayed reconsideration is neither part of a state habeas nor state post-conviction proceeding, it must be a continuation of activities related to the direct appeal itself." *Id*., 201 F.3d 743, 752 (6th Cir. 2000). *White*'s rationale does not appear to be based on federal comity, but scrutiny of Ohio's appellate system from a federal standpoint. Regardless though, at this point *Searcy* and *DiCenzi* govern, and the delayed appeal does not restart the limitation period and only tolls the period as a matter of post-conviction review under §2244(d)(2). Accordingly, 94 days elapsed from August 29, 2003 to the date Rivers filed his motion for delayed appeal on December 1, 2003.

---

[6] "Recently, the Ohio Court of Appeals found that prior case law was unclear on whether 'delayed appeals' should be treated as 'direct appeals.' See *State v. Bird*, 138 Ohio App.3d 400, 741 N.E.2d 560, 563 (2000). The court concluded that "the use of the term 'direct appeal' in [the statute governing petitions for post-conviction relief] does not necessarily include delayed appeals.' *Id*. More importantly, the court found that the running of the statute of limitations for filing petitions for post-conviction relief could not be 'indefinitely delayed' until the filing of a delayed appeal. See *id*. at 562. The court noted that "to hold otherwise would nullify the obvious legislative intent [ ] to place time limitations on bringing postconviction petitions.' *Id*."

*Searcy v. Carter,* 246 F.3d at 519.

7

Respondent then argues that the limitation period resumed running one day following the appellate court's March 14, 2005 judgment (Respondent's Ex. 9, and see *State v. Rivers*, 2005 WL 583794 (Ohio App. 11 Dist.)). The limitation period then ran 195 days until Rivers filed his motion for leave to file a delayed appeal in the Ohio Supreme Court on November 10, 2005, for a total of 289 days and nearly depleting the "1-year period." This calculation is correct. See *DiCenzi v. Rose,* 452 F.3d at 468.

Respondent neglects that in the interim Rivers had made two attempts to lodge his appeal with the Ohio Supreme Court. Rivers' initial attempt at an appeal to the Ohio Supreme Court was rejected on April 29, 2005, after the notice missed the April 28, 2005 filing date. (Respondent's Ex. 10).[7] His first motion for a delayed appeal was rejected as incomplete on October 12, 2005 (Respondent's Ex. 11). Delayed appeals as matters of state post-conviction review are subject to §2244(d)(2)'s "properly filed" requirement for the purposes of this timeliness calculation. See *DiCenzi* , 452 F.3d at 468.  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe for example the form of document, the time limits upon its delivery, the court and office in which it must be lodged and the requisite fee.(footnote omitted)" *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000); *Keenan v. Bagley*, 400 F.3d 417, 419-20 (6th Cir. 2005). Rivers two attempts were non-compliant and did not toll the limitation period. See *Fuller v. Thomas,* 110

---

[7] The courts in Ohio have rejected the "prison mailbox rule" and does not follow *Houston v. Lack,* 487 U.S. 266(1988). See *State ex re. Tyler v. Alexander*, 52 Ohio St.3d 84, 555 N.E.2d 966 (1990). The state courts have also rejected the 3-day extension provided in Ohio R. Civ. P. 6(E). See *Martin v. Lesko,* 133 Ohio App.3d 752, 756, 729 N.E.2d 839 (1999); *Williams v. Williams*, 2006 WL 1413260, 2 (Ohio App. 5 Dist.).

8

Fed.Appx. 496, 498, 2004 WL 1922179, 2 (6th Cir. 2004)("[T]wo previous attempts to file an appeal with the Ohio Supreme Court do not start the tolling because they were not "properly filed.").

The limitation period resumed running on December 29, 2005, the day following the Ohio Supreme Court's rejection of Rivers' untimely appeal, and was not extended by an additional 90 days for time to seek certiorari to the U.S. Supreme Court. See *Lawrence v. Florida*, 549 U.S.327, 127 S.Ct. 1079, 1082-83, 166 L.Ed.2d 924 (2007). The "1-year period" ran until it expired in March **2006**. Rivers' petition dated February 21, 2007 is therefore unquestionably untimely.

Rivers does not argue for the court to apply equitable tolling, and §2244(d)(1)(D) naturally cannot apply since Rivers' prior denial of appellate counsel claim presented in his App. R. 5(A) motion for delayed appeal was mooted by his counseled delayed appeal, and no such claim is now "presented." Compare *DiCenzi*, 452 F.3d at 469- 71( need for district court to develop the record on the issue of the prisoner's due diligence in discovering the right to appeal). In any event resetting the "clock" from August 29, 2003 to December 1, 2003, when the motion for leave to appeal had been filed would not render this petition timely.

*Rivers' grounds are procedurally defaulted:*

9

Respondent contends citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004), that Rivers' untimely appeal to the Ohio Supreme Court has resulted in a procedural default barring federal review. Respondent is correct.

Under the state procedural mechanism, the Ohio Supreme Court has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision. See Ohio S.Ct Prac.R. II §2(A)(1). The Ohio Supreme Court may in its discretion take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct.Prac.R. II §2(A)(4)(a). However, in those instances where the Ohio Supreme Court chooses not to allow the delayed appeal, the Sixth Circuit holds in *Bonilla v. Hurley,* that the unexplained state court decision denying leave to file an untimely appeal to the Ohio Supreme Court is presumed to enforce any applicable procedural bar. See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006). Denial of an Ohio S.Ct. Prac. R. II §2(A)(4)(a) motion for leave to file delayed appeal is not a ruling on any claim included with the motion for leave, and has been determined to be an "adequate and independent" basis for procedural default consistent with *Maupin v. Smith*, which can foreclose federal habeas review. See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).

*Rivers had "Cause" to Excuse the Procedural Default:*

Generally, "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that

10

failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bonilla v. Hurley*, 370 F.3d at 497, quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); and see *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000); *House v. Bell*, 547 U.S. 518, 536, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971).

"Cause" is a legitimate excuse for the default and "prejudice" is the actual harm resulting from the alleged constitutional violation. *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002). To establish "cause" a petitioner must present a substantial reason based on "some objective factor external to the defense ." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) ; *Strickler v. Greene*, 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

As mentioned earlier, Rivers appeal to the Ohio Supreme Court was rejected originally on April 29, 2005, after missing the April 28, 2005 filing date. (Respondent's Ex. 10). His second motion for delayed appeal was filed on November 10, 2005, and he blamed the prison mail room for causing him to miss the original filing deadline. (Respondent's Ex. 13, Affidavit attached to Delayed Notice of Appeal). This suffices to establish prison mail room delay, an external factor which caused untimely filing, and this constitutes "cause." See *Maples v. Stegall,* 340 F.3d 433, 439 (6th Cir.2003).

11

*Rivers cannot show "Prejudice" or actual innocence:*

In order to reach the merits of the defaulted grounds, Rivers must additionally demonstrate prejudice. He cannot do so. First, the consecutive sentences were imposed under a joint plea agreement governed by Ohio Rev. Code §2953.08(D). State law prohibits an appeal of a sentence imposed pursuant to a joint recommendation. Rivers only conceivable arguments would be to attack his guilty plea as an involuntary, unknowing, unintelligent choice or challenge his plea on the basis of ineffective assistance of counsel. The sentencing transcript establishes that his plea was voluntary, knowing and intelligent, and the fact that he did not raise this argument in his counseled appeal is significant and cannot be overlooked. Rivers does raise the alternate claim of ineffective assistance of counsel, but he must show that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Maples v. Stegall*, 340 F.3d at 439-40. Rivers makes no claim that he would rather face a potential 57 year sentence. Essentially he faults counsel for not being a better negotiator and he ludicrously maintains that the trial court should not have followed the sentence recommendation but should have sentenced him for a shorter duration based on a concurrent rather than consecutive sentence calculation. Rivers fails to show actual prejudice.

Rivers obviously cannot claim fundamental miscarriage of justice which resulted in the conviction of an actual innocent. See *Schlup v. Delo*, 513 U.S. 298, 320-322, 115 S.Ct. 851, 863, 130 L.Ed.2d 808 (1995); *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146

12

L.Ed2d 518 (2000); *House v. Bell*, 547 U.S. 518, 521-522, 536-37, 126 S.Ct. 2064, 2068, 2076, 165 L.Ed.1 (2006). He admitted his crimes in open court.

### *CONCLUSION AND RECOMMENDATION*

Federal review of this petition is foreclosed by both untimeliness and procedural bar from the state courts' application of adequate and independent state procedural rule absent Rivers' demonstration of prejudice to excuse the procedural default or establishing actual innocence. Accordingly petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding. See 28 U.S.C. §2254(d)(1) and (2). There has been no demonstrated need for an evidentiary hearing. It is recommended that this application for habeas corpus be denied.

                                                                       s/James S. Gallas
                                                         United States Magistrate Judge

Dated: December 17, 2008

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).